UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                      Case No. 18-CR-149

THEODORUS SHIM,

        Defendant.

## ORDER DENYING MOTION FOR RELEASE PENDING SENTENCING

On February 6, 2020, Defendant Theodorus Shim entered a plea of guilty to a charge of wire fraud in violation of 18 U.S.C. § 1343 as part of a fraudulent scheme by which he misappropriated more than $250,000 from a church. As part of the plea agreement, Shim agreed to make full restitution, but has yet to do so. He is currently in custody at the Brown County Detention Center awaiting sentencing, scheduled for May 6, 2020. The case is before the court on Shim's motion for release on bail. Shim alleges that he is among the group of people the Center for Disease Control has designated as at-risk of contracting the COVID-19 virus. Shim claims that the heightened health risk he confronts because of his past and present medical conditions (including historical family diabetes and a pre-diabetic diagnosis, a current unknown pulmonary condition, and a current compromised immune system), given the conditions at the Brown County Jail, necessitate release on bail until the pandemic has ended. Dkt. No. 15, ¶ 3.

Shim has been convicted of a felony carrying a maximum penalty of up to 20 years in prison and has a presumptive guideline range of between 33 and 41 months. Because he has been convicted, he no longer enjoys a presumption of innocence, and thus there is no constitutional

right to reasonable bail. *See United States v. Provenzano*, 602 F.Supp. 230, 232 (E.D .La. 1985) ("There is no constitutional guarantee of bail pending appeal.") (citing *United States v. Baca*, 444 F.2d 1292 (10th Cir.), cert. denied, 404 U.S. 979 (1971)). The statute governing release or detention pending sentence or appeal under the circumstances of this case mandates detention "unless—

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Neither of the conditions required under sub (A) are met. There is no likelihood that a motion for a acquittal or new trial will be granted, and the attorney for the government does not intend to recommend that no sentence of imprisonment be imposed. It thus follows that, under 18 U.S.C. § 3143(a)(2), Shim must be detained, regardless of whether he is likely to flee or poses a danger to any other person or the community.

In extraordinary cases, however, a district judge has authority to release a defendant, notwithstanding the mandatory language of § 3143. Under 18 U.S.C. § 3145(c), "A person subject to detention pursuant to section 3143(a)(2) or (b)(2) and who meets the conditions of relief set forth in section 3143(a)(1) or (b)(1) may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992); *see also United States v. Meisner*, 744 F.3d 1236, 1239 (11th Cir. 2013) ("We now explicitly hold, given the unambiguous statutory language and unanimous agreement of our sister circuits that have considered the issue, that a district court has the authority to release a defendant being detained pursuant to § 3143(a)(2) upon a showing of "exceptional reasons" under

2

§ 3145(c)."). In order to release Shim under this section, however, I must find by clear and convincing evidence that he is "not likely to flee or pose a danger to the safety of any other person or the community," § 3143(a)(1), and that a clear showing has been made of the exceptional reasons why detention is inappropriate. § 3145(c). I can make neither finding here.

As to whether Shim is likely to flee, the record shows the court has already found that he does pose a substantial risk of flight. The court based this finding on the fact that Shim had successfully evaded law enforcement for 17 months. The indictment in this case was filed on June 26, 2018. In January 2018, while on bond for another serious offense in Colorado and under an order not to leave that State, Shim was arrested at the Los Angeles International Airport with a one-way ticket to South Korea. He jumped bail again in July 2018 after having been surprisingly released on bond a second time in Colorado, and his whereabouts were unknown until his arrest in South Carolina on the warrant issued in this matter.

Other information not presented at the time of his initial detention in this case call into question whether Shim is a danger to others. According to the officer conducting the presentence investigation in this case, Shim is alleged in the Colorado matter to have encouraged a pregnant woman to prostitute herself to make money. In addition, Shim is accused in the Colorado matter of threatening individuals with a firearm while they were bound. Shim has an outstanding, active, extraditable warrant from Denver County, Colorado for not appearing after posting bond in that case, and thus would not be free even were this court to release him in this case.

As for the danger the COVID-19 virus poses to Shim, it should be noted that no active or even inactive cases have been found in the Brown County Jail population, and relatively few cases have been identified in Green Bay and northeast Wisconsin in general. The staff at the jail have enacted stringent procedures that are intended to protect the general population from infection.

Although Shim claims a family history of diabetes, he does not claim that he actually has that condition or any other that would make him more susceptible to the virus or the serious effects it can have. Both at his initial arrest interview in South Carolina, and during the subsequent presentence interview, Shim did not report any serious or chronic medical conditions. He is only 24 or 25 years old, and thus is not within the age group more susceptible to infection and the harsh effects of the virus.

Finally, according to the government, the supervising LPN at the Brown County Jail confirmed that Shim recently met with medical staff at the jail. Shim's vital signs were normal, and he did not complain of any symptoms, including fever, cough, or shortness of breath, that would warrant COVID-19 testing. Shim has no other history of medical requests directed to the jail staff, and thus there was no reason to believe that he contracted COVID-19 or that testing was warranted. Additionally, the Brown County Jail LPN advised that, despite her personal instructions to him, Shim is not taking all medications prescribed. She reports that Shim told her that he did not need them. As to Shim's claim that he was not eating, the LPN advised that jail records show he refused food on only two occasions, those being the breakfast meals on two consecutive days several weeks ago.

Based on this record, the defendant's motion for release on bond is denied.

**SO ORDERED** at Green Bay, Wisconsin this 13th day of April, 2020.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court